UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JERRY FOGGIE,

                               Plaintiffs,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER EDGAR
MERCADO (SHIELD NO. 11346), UNDERCOVER
POLICE OFFICER 329, UNDERCOVER POLICE
OFFICER 334,

                               Defendants.

**ECF CASE**

**VERIFIED COMPLAINT**

Jury Trial Demanded

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from an April 9, 2016 incident in which members of the New York City Police Department ("NYPD") subjected Plaintiff to false arrest, malicious prosecution, fabricated evidence, and therein caused the plaintiff the unlawful loss of liberty, and mental and physical pain and anguish. Plaintiff seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State law claims.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to Plaintiff's federally protected rights took place in this district, specifically in the vicinity of and across from 405 Avenue of the Americas, in the City, County and State of New York, and at an NYPD Precinct in the City, County and State of New York.

## PARTIES

5.      Plaintiff Jerry Foggie (hereinafter "Plaintiff" or "Mr. Foggie") is a resident of the State of New York, City and County of New York.

6.      The City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Police Officer Edgar Mercado (hereinafter "P.O. Mercado"), Shield No. 11346, is a member of the NYPD who was assigned to Narcotics Borough Manhattan South on April 9, 2016. Mercado is sued in his individual and official capacity.

8.      Undercover Police Officer Number 329 (hereinafter "U/C 329"), whose true identity is unknown at this time, is a member of the NYPD who was assigned to Narcotics Borough Manhattan South on April 9, 2016. U/C 329 is sued in his individual and official capacity.

9.      Undercover Police Officer Number 334 (hereinafter "U/C 334"), whose true identity is unknown at this time, is a member of the NYPD who was assigned to Narcotics

Borough Manhattan South on April 9, 2016. U/C 329 is sued in his individual and official capacity.

## STATEMENT OF FACTS

11. On or about April 9, 2016, at approximately 12:13 a.m., in the vicinity of 405 Avenue of the Americas, in the City, County and State of New York, P.O. Mercado, U/C 329, U/C 334, and presumptively other NYPD law enforcement personnel not yet known at this time, were involved in a controlled narcotics "buy and bust" operation. During the course of this operation, several individuals were placed under arrest, including the Plaintiff. Plaintiff's arrest was without cause, and under N.Y. Co. Docket Number 2016NY023186, he was arbitrarily charged with Criminal Sale of a Controlled Substance in the Third Degree, the same charge made against three other defendants within the same complaint. Plaintiff, however, had not committed a crime, but was simply in the vicinity of the area in which the "buy and bust" operation was taking place. Plaintiff was therein unlawfully seized and detained by officers and deprived of his liberty for approximately 24 hours.

12. After being seized by the police, Plaintiff were eventually taken to the 6TH Precinct for arrest processing.

13. After the arrest paperwork was completed, Plaintiff was taken to Manhattan Central Booking to await arraignment.

14. While Plaintiff was awaiting arraignment, P.O. Mercado and/or the other identified officers, and officers that may be unknown to the Plaintiff at this time, met with a prosecutor employed by the New York County District Attorney's Office.

15. Defendants with malice, misrepresented to the prosecutor that Plaintiff had committed the crime of Criminal Sale of a Controlled Substance in the Third Degree.

16.    As a result of the aforesaid misrepresentation, Plaintiff was brought up on false charges of Criminal Sale of a Controlled Substance in the Third Degree.

17.    Plaintiff was eventually brought before the court for arraignment in Criminal Court, New York County, pursuant to <u>People of the State of New York v. Jerry Foggie</u>, Docket Number 2016NY023186. At arraignment Plaintiff was released on his own recognizance by the Court. Plaintiff was released after spending approximately 24 hours incarcerated following the arrest. Plaintiff was released after spending approximately 24 hours incarcerated following the arrest. On his next appearance, on April 14, 2016, the District Attorney's Office dismissed Mr. Foggie's case as they admittedly could not prove the case against Mr. Foggie beyond a reasonable doubt. Plaintiff was unlawfully detained, incarcerated, and prosecuted from the moment of detention to the dismissal of his case.

18.    As a result of Defendants' actions, Plaintiff suffered emotional distress, fear, embarrassment, humiliation, loss of liberty for approximately 24 hours, shock, discomfort, pain and suffering, and the harshness of incarceration. Furthermore, as a result of Defendants' actions, the Plaintiff experienced injuries, and/or exacerbation of preexisting physical and emotional conditions and/or injuries, and suffered injuries, including strain and contusions, pain and suffering, and emotional distress. Furthermore, Plaintiff was denied access to his medications, those being necessary and vital to his well-being, causing pain and suffering, and emotional and physical harm and distress.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICER EDGAR MERCADO (SHIELD NO. 11346), UNDERCOVER POLICE OFFICER NO. 329, UNDERCOVER POLICE OFFICER NO. 334,**

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-18 as if fully set forth herein.

20. The conduct of the Defendants, as described herein, amounted to false arrest, malicious prosecution, and fabrication of evidence. This conduct violated plaintiffs' rights under 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

### FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-20 as if fully set forth herein.

22. The City of New York directly caused the constitutional violations suffered by the Plaintiff.

23. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

24. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

25. The aforesaid conduct by the City of New York violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

26. Moreover, because the individual Defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the tortious conduct and violations of civil and constitutional rights of the Plaintiff.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the Defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   February 23, 2017
         New York, New York

> AIDALA, BERTUNA & KAMINS, P.C.
> 8118 13th Avenue
> Brooklyn, New York 11228
> (718) 701-2100
>
> By: _____
>     DOMINICK GULLO, ESQ.

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

DOMINICK GULLO, ESQ., being duly sworn, deposes and says:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and a member of the AIDALA, BERTUNA & KAMINS, P.C., attorneys for the Plaintiff.

2. I have read the annexed Verified Complaint, know the contents thereof to be true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based upon my personal knowledge and my review of the files maintained by my office.

3. The reason this Verification is being made by me is that the Plaintiff does not reside in the county where the office I work within is located.

_____
Dominick Gullo, Esq.

Sworn to before me this 23rd
day of February, 2017

_____
Notary Public

MARY GEORGIA CONREY
Notary Public, State of New York
No. 01CO...
Qualified in Richmond County
Commission Expires September 20, 20 17